1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

| | |
|---|---|
| Changsha Suda Electronic Commerce LLC d/b/a DolaHair, | Case No.: 2:25-cv-01978 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY, NON-INFRINGEMENT, AND FOR RELATED STATE AND ANTITRUST CLAIMS** |
| v. | |
| GUANGZHOU YIMEI COSMETICS CO., LTD., GUANGZHOU JIEMI BIOTECHNOLOGY CO., LTD., LIU YARU and LIU XINGTAO d/b/a xiaoks, | **DEMAND FOR A JURY TRIAL** |
| Defendants | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

1

2

### Complaint

Plaintiff Changsha Suda Electronic Commerce LLC, doing business as DolaHair ("Plaintiff"), by and through its undersigned counsel, brings this Complaint against Guangzhou Yimei Cosmetics Co., Ltd., Guangzhou Jiemi Biotechnology Co., Ltd., liuyaru and Liu Xingtao d/b/a xiaoks (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action that seeks various forms of relief arising from Defendants' bad-faith assertions of design patent infringement against Plaintiff.

2.     This is an action for: (i) a declaratory judgment of invalidity of U.S. Design Patent No. D1,075,508 S (the "'508 Patent"); (ii) a declaratory judgment of non-infringement of the '508 Patent, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35 of the United States Code; and (iii) tortious interference with contractual relationships and/or business expectancy. A true and correct copy of the '508 Patent is attached hereto as Exhibit 1.

3.     This action also seeks relief under Washington State law, including violations of the Washington Patent Troll Prevention Act ("PTPA"), RCW 19.350 et seq., and the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq., as well as under federal antitrust law for sham enforcement and fraudulent procurement of the '508 Patent in violation of Section 2 of the Sherman Act.

4.     Defendants have asserted baseless claims of design-patent infringement by submitting coordinated complaints to both Amazon and TEMU, alleging that Plaintiff's DolaHair Hair Wax Stick products—identified by ASIN B0BRC8T39V on Amazon and Product IDs

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

744758791, 114736196, 199877642 and 306350970 on TEMU (collectively, the "Asserted Products")—infringe the '508 Patent.

5.    These assertions directly caused the wrongful removal of Plaintiff's listings from both platforms.

6.    On Amazon, Defendants' complaint was filed on or about October 1, 2025, resulting in the takedown of Plaintiff's listing on October 4, 2025. *See* Exhibit 11. On TEMU, Defendants filed two rounds of matching design-patent complaints—first on September 19, 2025, and again on October 6, 2025—each asserting infringement of the same '508 Patent and leading to the delisting of Plaintiff's corresponding TEMU products. *See* Exhbit 12.

7.    Plaintiff's Asserted Products, however, had been publicly sold and disclosed in the United States well before the October 27, 2023 filing date of the '508 Patent, thereby invalidating its claimed design under the public-use and on-sale bars of 35 U.S.C. § 102.

8.    Accordingly, if the claimed design of the '508 Patent reads on Plaintiff's Asserted Products, it is invalid; if it does not, Plaintiff does not infringe. As a result of Defendants' wrongful conduct, Plaintiff has suffered significant commercial harm, including the loss of sales, goodwill, and market access. Defendants' infringement allegations are without merit and unsupported by any reasonable basis in fact or law. Judgment is therefore appropriately entered in Plaintiff's favor and against Defendants.

## PARTIES

9.    Plaintiff Changsha Suda Electronic Commerce LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 810, Building 1, Haipingyuan, No. 229 Guyuan Road,

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

1    Changsha High-Tech Development Zone, Hunan, China.

2        10.   Plaintiff operates online storefronts under the trade name DolaHair on Amazon and

3    TEMU, through which it offers the Asserted Products.

4        11.   Upon information and belief, Defendant Guangzhou Yimei Cosmetics Co., Ltd.

5    ("Yimei") is a corporation organized and existing under the laws of the People's Republic of

6    China, with its principal place of business at Room 208, Area 4, No. 870 Guangcong 8th Road,

7    Zhongluotan Town, Baiyun District, Guangzhou, China.

8        12.   Upon information and belief, Yimei is the listed assignee and owner of U.S. Design

9    Patent No. D1,075,508 S (the "'508 Patent").

10       13.   Upon information and belief, Defendant Guangzhou Jiemi Biotechnology Co., Ltd.

11   ("Jiemi") is a corporation organized and existing under the laws of the People's Republic of China,

12   with its principal place of business at Room 206, Area 4, No. 870 Guangcong 8th Road,

13   Zhongluotan Town, Baiyun District, Guangzhou, China.

14       14.   Upon information and belief, Jiemi owns the United States trademark registration for

15   ROZINO, which covers hair wax stick products sold on Amazon.

16       15.   Upon information and belief, Defendant Liu Xingtao ("Liu") is an individual residing

17   in Guangzhou, China, and is the legal representative, majority shareholder, and executive director

18   of Jiemi.

19       16.   Upon information and belief, Liu operates an Amazon store under the name "xiaoks,"

20   through which he sells ROZINO-branded hair wax stick products that directly compete with

21   Plaintiff's DolaHair products.

22       17.   Upon information and belief, Defendant "liuyaru" is an individual residing in China

23

24   COMPLAINT FOR DECLARATORY JUDGMENT
     CASE NO.: 2:25-CV-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

who, using the email address YA17317959501@outlook.com, submitted an Amazon complaint (ID: 18554348421) alleging that Plaintiff's product (ASIN B0BRC8T39V) infringed U.S. Design Patent No. D1,075,508 S on behalf of Guangzhou Yimei Cosmetics Co., Ltd.

18.   Upon information and belief, Yimei, Jiemi, liuyaru and Liu acted jointly and in concert in preparing, authorizing, and submitting infringement complaints to Amazon and TEMU against Plaintiff concerning the Asserted Products.

19.   Upon further information and belief, Yimei, Jiemi, liuyaru and Liu are closely related entities with overlapping ownership, management, and business interests, and have acted in coordination with one another in all relevant respects. Their coordinated conduct, including the submission of sham infringement complaints, was undertaken not for any legitimate purpose of intellectual property enforcement but as part of a concerted scheme to unfairly compete with Plaintiff and to disrupt Plaintiff's lawful business operations in the United States.

20.   Accordingly, Defendants Yimei, Jiemi, liuyaru and Liu are jointly and severally liable for the wrongful acts alleged herein, including the malicious assertion of intellectual property rights, unfair competition, and tortious interference with Plaintiff's business relations.

## JURISDICTION AND VENUE

21.   This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq. It also arises under the Washington Patent Troll Prevention Act, RCW 19.350 et seq., and the Washington Consumer Protection Act, RCW 19.86 et seq.

22.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims,

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

Page No. 5 of 23

as those claims arise out of the same case or controversy as the declaratory judgment claims.

23. Plaintiff has standing because a real and immediate controversy exists between Plaintiff and Defendants. Defendants submitted design patent infringement complaints to Amazon.com, Inc. and to TEMU regarding the Asserted Products. These complaints resulted in removals of Plaintiff's listings and caused lost sales, reputational harm, and disruption of Plaintiff's primary U.S. sales channels, and they create a reasonable apprehension of continued enforcement.

24. This Court has personal jurisdiction over Defendants because they purposefully directed their conduct at Washington by submitting infringement complaints through Amazon, whose principal place of business is in Seattle, Washington, and by pursuing platform enforcement directed to U.S. commerce that is accessible within this District. Defendants' conduct was expressly aimed at this District and caused foreseeable harm to Plaintiff's business interests here.

25. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Defendants are not residents of the United States, the claims arise out of their contacts with the United States as a whole, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

26. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action occurred here. In particular, Defendants' prosecution of design patent complaints through Amazon, headquartered in Seattle, directly caused the harm at issue.

## FACTUAL BACKGROUND

**A. The '508 Patent and the Accused Products**

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

27.   Defendant Guangzhou Yimei Cosmetics Co., Ltd. is the listed assignee and owner of U.S. Design Patent No. D1,075,508 S (the "'508 Patent"), which issued on May 20, 2025, from an application filed on October 27, 2023. The '508 Patent does not claim priority to any earlier application. *See* Exhibit 1.

28.   Plaintiff's Asserted Products are DolaHair hair wax sticks offered on different e-commerce platforms. The Asserted Products share the same structure and appearance across all listings.

29.   The Asserted Products were publicly available and sold in the United States well before the October 27, 2023 filing date of the '508 Patent, and identical products of the same design had been publicly available and sold more than one year before that date, as further detailed below:

(1)   The Accused Product under ASIN B0BRC8T39V was first listed on Amazon on December 29, 2022 (Exhibit 2).

(2)   The same product was previously listed under ASIN B0B1DB76T4, which received customer reviews with photographs as early as July 20, 2022 (Exhibit 3) and August 24, 2022 (Exhibit 4).

(3)   Another listing for the same product under ASIN B0B7QM93ZV received photo reviews as of September 6, 2022 (Exhibit 5).

(4)   Other identical wax stick products had been publicly sold and reviewed on Amazon.com well before the filing date of the '508 Patent, including the TIGI "Bed Head" Wax Stick (ASIN B000141L58) with reviews from 2020–2021 (Exhibits 6–7) and the IKT Wax Stick (ASIN B09TVZNDZ1) with reviews from 2022 (Exhibit 8).

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 7 OF 23

(5)  In addition, Plaintiff's manufacturer filed Chinese Design Patent CN306792497S (Application No. 202130265313.0) on May 6, 2021, published on August 31, 2021, and UK Registered Design No. 6278014 on April 25, 2023, granted on May 3, 2023, both of which disclose the same wax stick design (Exhibits 9–10).



COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO. 8 OF 23



ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

FIG. 6

FIG. 7

FIG. 8

30. These records confirm that Plaintiff's Accused Product and its underlying design were publicly disclosed and commercially available well before the effective filing date of the '508

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

Page No 10 of 23

Patent.

31.  Accordingly, if the claimed design of the '508 Patent reads on Plaintiff's Accused Products, it is invalid under 35 U.S.C. § 102. In the alternative, if the claimed design does not read on Plaintiff's Accused Products, then Plaintiff does not infringe as a matter of law.

**B. Defendants' Bad-Faith Enforcement**

32.  On or about October 1, 2025, Amazon notified Plaintiff that a design-patent infringement complaint had been filed, identifying the rights holder as "liuyaru," purporting to be "Guangzhou Yimei Cosmetics Co.," with the contact email address YA17317959501@outlook.com.

33.  The Amazon complaint, assigned Complaint ID 18554348421, alleged that Plaintiff's DolaHair hair wax stick products infringed the '508 Patent. *See* Exhibit 11.

34.  As a result of the complaint, on October 4, 2025, Amazon removed the Asserted Products from Plaintiff's storefront. *See* Exhibit 13. Their removal substantially impaired Plaintiff's access to U.S. consumers and significantly disrupted its commercial operations.

35.  Since the takedown, the Asserted Products have remained suppressed on Amazon, causing Plaintiff ongoing commercial harm, including lost sales, loss of visibility in the marketplace, loss of goodwill, and the risk of forced disposal of unsold inventory under Amazon's fulfillment policies.

36.  Defendants also submitted multiple design patent infringement complaints to the e-commerce platform TEMU, alleging that Plaintiff's DolaHair hair wax stick products infringed the '508 Patent.

37.  The TEMU complaints identified Guangzhou Yimei Cosmetics Co., Ltd. as the rights

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 11 OF 23

owner, using the contact email address 844517449@qq.com and targeted Plaintiff's listings for the same DolaHair hair wax stick products, including Product IDs 199877642, 744758791, 114736196 and 306350970. *See* Exhibit 12.

38.   The TEMU complaints were filed on or about September 19, 2025, and October 6, 2025, and resulted in the delisting of Plaintiff's DolaHair hair wax stick products, further restricting Plaintiff's access to U.S. consumers and compounding the commercial harm already caused by the Amazon takedown.

39.   On information and belief, Defendants' assertions of the '508 Patent through both Amazon and TEMU were made in bad faith and without any reasonable basis in fact or law. As demonstrated above, identical products of the same design were publicly on sale more than one year before the filing date of the '508 Patent, rendering its claimed design invalid under the on-sale bar. Defendants nonetheless pursued these platform complaints in order to disrupt Plaintiff's legitimate business operations and eliminate fair competition.

### COUNT I
### DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

40.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

41.   An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants concerning the validity of the '508 Patent, as evidenced by Defendants' infringement complaints to Amazon and TEMU that resulted in the removal of Plaintiff's product listings.

42.   The '508 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of the patent laws of the United States, including,

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

1    but not limited to, 35 U.S.C. §§ 102 and 103.

2        43.   In particular, identical designs had been publicly sold in the United States well before

3    the October 27, 2023 filing date of the '508 Patent.

4        44.   Accordingly, if the claimed design of the '508 Patent reads on Plaintiff's Asserted

5    Products, it is invalid under the public-use and on-sale bars of 35 U.S.C.  §  102.

6        45.   The claimed design of the '508 Patent is further invalid under 35 U.S.C. § 103 in

7    view of prior designs, including those disclosed in CN306792497S and UK Registered Design No.

8    6278014, each of which alone or in combination renders the claimed design unpatentable.

9        46.   Defendants' infringement complaints on the Amazon and TEMU platforms have

10   caused immediate and ongoing harm to Plaintiff by removing its listings, cutting off access to its

11   primary U.S. sales channels, and threatening further enforcement actions.

12       47.   Plaintiff therefore seeks a declaratory judgment that the claimed design of the '508

13   Patent is invalid for failure to satisfy the requirements of the Patent Act.

14       48.   Upon information and belief, Defendants knew of the prior public availability and

15   sales of the same wax stick design long before filing the application for the '508 Patent. Their

16   knowing failure to disclose such information to the United States Patent and Trademark Office

17   constitutes inequitable conduct and a deliberate misuse of the patent system. Accordingly, the '508

18   Patent is also unenforceable.

19                           **COUNT II**
                 **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

20
21       49.   Plaintiff incorporates by reference the preceding paragraphs as though fully set forth

22   herein.

23

24   COMPLAINT FOR DECLARATORY JUDGMENT
     CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

50.   Plaintiff's Asserted Products were publicly available and sold in the United States well before the October 27, 2023 filing date of the '508 Patent.

51.   If the claimed design of the '508 Patent were construed to cover Plaintiff's Asserted Products, then the claim would be invalid under the public-use and on-sale bars of 35 U.S.C. § 102. An invalid patent cannot be infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015).

52.   Alternatively, if the claimed design of the '508 Patent is not construed to cover Plaintiff's Asserted Products, then Plaintiff does not infringe as a matter of law.

53.   Thus, whether the claimed design reads on Plaintiff's Asserted Products or not, Defendants' allegations necessarily fail: the claim is either invalid or not infringed.

54.   A real and substantial controversy exists between Plaintiff and Defendants concerning infringement of the '508 Patent. Defendants' infringement complaints to Amazon and TEMU resulted in the removal of Plaintiff's product listings, causing significant commercial harm and threatening further enforcement actions.

55.   Plaintiff therefore seeks a declaratory judgment that its Asserted Products do not infringe any valid and enforceable claim of the '508 Patent.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

56.   Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

57.   Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 14 OF 23

expectancy; (2) defendants' knowledge of that relationship; (3) intentional interference causing a breach or termination of the relationship or expectancy; (4) interference for an improper purpose or by improper means; and (5) resulting damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

58.  Plaintiff has valid and existing contracts with Amazon and TEMU, through which it sells its products under the DolaHair brand.

59.  Upon information and belief, Defendants knew of Plaintiff's contractual relationships with Amazon and TEMU.

60.  Defendants intentionally interfered with those contractual relationships by submitting materially false and bad-faith patent infringement complaints to both platforms, with the purpose of causing Plaintiff's listings to be removed and eliminating Plaintiff as a lawful competitor.

61.  As a direct result of Defendants' conduct, Plaintiff's listings were removed from Amazon and TEMU, disrupting Plaintiff's contractual obligations with both platforms, including but not limited to the Amazon Services Business Solutions Agreement and TEMU Seller Agreement.

62.  Defendants' conduct has compromised Plaintiff's contractual relationships and business expectancy with both platforms, causing interruptions to its ongoing business activities.

63.  Plaintiff has suffered and continues to suffer direct, proximate, and foreseeable damages as a result of Defendants' interference, including lost sales, lost goodwill, and harm to its competitive standing.

64.  Defendants' efforts to have Plaintiff's products delisted through improper means were and are unlawful and fraudulent.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 15 OF 23

65.  By reason of Defendants' acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

**COUNT IV**
**VIOLATION OF WASHINGTON PATENT TROLL PREVENTION ACT AND**
**CONSUMER PROTECTION ACT – RCW 19.350 et seq. AND RCW 19.86 et seq.**

66.  Plaintiff incorporates by reference and realleges all preceding paragraphs of this Complaint as if fully set forth herein.

67.  Defendants have made bad-faith assertions of design patent infringement against Plaintiff by filing complaints with Amazon and TEMU alleging that Plaintiff's Asserted Products infringe the '508 Patent.

68.  Defendants' complaints resulted in the delisting of Plaintiff's key product listings from Amazon on or about October 4, 2025, and from TEMU following the complaints filed on September 19, 2025, and October 6, 2025, thereby causing substantial commercial harm, including loss of sales, reputational injury, risk of inventory disposal, and loss of access to Plaintiff's primary U.S. sales platforms.

69.  Defendants' conduct constitutes bad-faith assertions of patent infringement in violation of the Washington Patent Troll Prevention Act (RCW 19.350 et seq.).

70.  Upon information and belief, Defendants have engaged in repeated and systematic bad-faith patent enforcement across major e-commerce platforms, including Amazon and TEMU, as part of a broader strategy to exclude competitors and capture sales opportunities to which they are not entitled.

71.  Defendants used their bad-faith complaints to cause the improper removal of Plaintiff's competing products and to divert sales opportunities to themselves and their affiliated

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 16 OF 23

ROZINO-branded products.

72.  Defendants' violations of the PTPA also constitute violations of the Washington Consumer Protection Act (RCW 19.86 et seq.), which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. *See* RCW 19.350.030; RCW 19.86.090.

73.  Defendants' acts are unfair and deceptive business practices that threaten the public interest by undermining commercial trust, deterring innovation, and harming investment in lawful e-commerce and product development activities.

74.  Plaintiff has suffered actual injury as a result of Defendants' unlawful conduct and is entitled to relief under the PTPA and CPA, including actual damages, treble damages as permitted by law, reasonable attorneys' fees, and injunctive relief prohibiting Defendants from further asserting the '508 Patent in bad faith.

**COUNT V**
**ATTEMPTED MONOPOLIZATION (15 U.S.C. § 2) – WALKER PROCESS SHERMAN ACT VIOLATION**

75.  Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

76.  The '508 Patent was procured by fraud on the United States Patent and Trademark Office ("USPTO"). Specifically, Defendants knowingly and willfully failed to disclose that the claimed design had already been publicly sold and in commercial use in the United States more than one year before the October 27, 2023 filing date.

77.  As set forth above, identical hair wax stick products were publicly available and sold on Amazon and TEMU well before the filing date of the '508 Patent, including the DolaHair hair wax sticks and identical third-party products such as TIGI "Bed Head" and IKT Wax Stick, each

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

of which embodies substantially the same design.

78.  Defendants were aware of these sales, which were made by or with their knowledge, yet intentionally failed to disclose them to the USPTO during prosecution of the '508 Patent.

79.  Defendants' knowing failure to disclose this material prior art and prior public sales, with the intent to deceive the USPTO, constitutes fraudulent procurement of the '508 Patent.

80.  After fraudulently procuring the '508 Patent, Defendants maintained and enforced it in bad faith by submitting infringement complaints to Amazon and TEMU, which directly caused the removal of Plaintiff's listings, cutting off access to U.S. consumers and causing significant commercial harm.

81.  Defendants' conduct constitutes predatory and anticompetitive behavior undertaken with the specific intent to monopolize the relevant market for hair wax stick products sold on Amazon, TEMU, and other e-commerce platforms. The relevant market consists of hair wax stick products offered to U.S. consumers through these platforms, which serve as the primary distribution channels for such goods.

82.  There exists a dangerous probability that Defendants could achieve monopoly power in this market through the exclusion of Plaintiff and similarly situated competitors, given the dominant role of Amazon and TEMU in online retail and the absence of reasonably interchangeable sales channels that provide comparable consumer access.

83.  As a direct and proximate result of Defendants' anticompetitive conduct, Plaintiff has suffered and continues to suffer antitrust injury, including lost sales, loss of goodwill, and litigation expenses, while consumers face reduced choice and diminished competition.

84.  Under *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

U.S. 172 (1965), Defendants' maintenance and enforcement of a patent obtained by fraud on the USPTO constitutes attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

85. Plaintiff is therefore entitled to recover its damages, including treble damages, reasonable attorneys' fees, and costs under the antitrust laws of the United States.

**COUNT VI**
**SHAM ENFORCEMENT / ANTICOMPETITIVE CONDUCT**

86. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

87. Defendants' infringement complaints to Amazon and TEMU, asserting that Plaintiff's Asserted Products infringed the '508 Patent, constitute sham enforcement actions.

88. In *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986 (9th Cir. 1979), the Ninth Circuit recognized that baseless patent enforcement may give rise to antitrust liability where a party employs such enforcement as an anticompetitive weapon to directly interfere with a competitor's business relationships.

89. The Supreme Court in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), articulated a two-part test for sham litigation or enforcement. First, the action must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. Only if the challenged action is objectively meritless may a court examine the litigant's subjective motivation. Second, the court must determine whether the baseless action conceals an intent to interfere directly with a competitor's business relationships through use of the governmental or quasi-governmental process as an anticompetitive weapon. Courts have applied this framework not only to judicial proceedings but also to quasi-

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 19 OF 23

governmental and platform-based enforcement mechanisms, including Amazon's and TEMU's infringement complaint systems.

90.  Defendants' complaints were objectively baseless because identical hair wax stick designs had been publicly sold in the United States well before the October 27, 2023 filing date of the '508 Patent, rendering the claimed design invalid under the on-sale bar of 35 U.S.C. § 102. No reasonable patent owner could have expected to prevail on such infringement allegations.

91.  Defendants' complaints were subjectively intended to interfere with Plaintiff's business by causing Amazon and TEMU to delist Plaintiff's products, thereby eliminating lawful competition and diverting sales to Defendants. This use of platform-based enforcement mechanisms, rather than any legitimate judicial process, was deployed as an anticompetitive weapon.

92.  Defendants' sham enforcement constitutes predatory and anticompetitive conduct in violation of Section 2 of the Sherman Act, undertaken with the specific intent to exclude Plaintiff and similarly situated competitors from the relevant market for hair wax stick products sold on Amazon, TEMU, and other e-commerce platforms.

93.  As a direct and proximate result of Defendants' sham enforcement, Plaintiff has suffered and continues to suffer substantial damages, including lost sales, reputational injury, stranded inventory, and litigation expenses, while consumers are harmed by reduced choice and diminished competition.

94.  Plaintiff is entitled to damages, treble damages under applicable antitrust laws, reasonable attorneys' fees, and injunctive relief prohibiting Defendants from further sham enforcement of the '508 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.   Declaring that U.S. Design Patent No. D1,075,508 S (the "'508 Patent") is invalid and unenforceable;

B.   Declaring that Plaintiff's DolaHair Hair Wax Stick does not infringe any valid and enforceable claim of the '508 Patent;

C.   Entering judgment that Defendants tortiously interfered with Plaintiff's contractual relationship or business expectancy with Amazon.com, Inc. and TEMU;

D.   Entering judgment that Defendants violated the Washington Patent Troll Prevention Act (RCW 19.350 et seq.) and the Washington Consumer Protection Act (RCW 19.86 et seq.);

E.   Entering judgment that Defendants' conduct constitutes sham enforcement and fraudulent procurement in violation of federal antitrust laws, including *Walker Process* liability under Section 2 of the Sherman Act;

F.   Ordering Defendants to withdraw, retract, or otherwise revoke any and all complaints, notices, or takedown requests submitted to Amazon, TEMU, or any other online marketplace, e-commerce platform, or third party alleging infringement of the '508 Patent with respect to Plaintiff's Asserted Products;

G.   Granting preliminary and permanent injunctive relief enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from asserting or threatening to assert the '508 Patent against Plaintiff, including but not limited to any further notices or correspondence directed to Amazon, TEMU, or any other third-party platform;

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

H.   Ordering Defendants to file with the Court, and serve on Plaintiff's counsel, within three (3) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

I.   Awarding Plaintiff damages sufficient to compensate for lost sales, revenue, and market share resulting from the delisting of its Asserted Products, in an amount to be determined at trial;

J.   Awarding Plaintiff damages for losses arising from stranded inventory, storage fees, and inventory removal expenses caused by the delisting of the Asserted Products, in an amount to be determined at trial;

K.   Awarding Plaintiff damages for harm to goodwill, reputation, customer reviews, star ratings, and marketplace rankings associated with the delisted listings, in an amount to be determined at trial;

L.   Awarding Plaintiff treble damages and reasonable attorneys' fees pursuant to RCW 19.86.090 for Defendants' violations of the PTPA and CPA;

M.   Awarding Plaintiff treble damages and reasonable attorneys' fees under federal antitrust law based on Defendants' *Walker Process* fraud and sham enforcement;

N.   Declaring that this case is exceptional and awarding Plaintiff its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

O.   Awarding Plaintiff enhanced, exemplary, punitive, statutory, and incidental damages where appropriate under applicable law;

P.   Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law; and

Q.   Awarding such other and further relief as the Court deems just and proper.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.


DATED:   October 13, 2025

By:  */s/ Yi Yi*
Yi Yi (*Pro hac vice* to be filed)
California Bar No. 353482
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
M: 747-241-3130
yiyi@lawmayus.com


Jianwei Wang, Esq.
Washington State Bar No. 63131
Alight Law P.C.
M: 4202 Meridian St
Ste 105-313
Bellingham, WA 98226
P:(650)468-0560
Email: andy.w@alightlaw.com


*Attorney for Plaintiff*

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01978

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 23 OF 23