1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANGSHA SUDA ELECTRONIC COMMERCE LLC, | CASE NO. 2:25-cv-01978-LK |
| Plaintiff, | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| GUANGZHOU YIMEI COSMETICS CO LTD, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Changsha Suda Electronic Commerce LLC's Motion for Preliminary Injunction. Dkt. No. 22. Plaintiff seeks an order requiring Defendants Guangzhou Yimei Cosmetics Co., Ltd., Guangzhou Jiemi Biotechnology Co., Ltd., Yaru Liu, and Xingtao Liu to promptly withdraw their patent infringement complaints to Amazon and Temu, maintain any retraction of complaints to Amazon, and refrain from submitting further complaints about the same patent pending adjudication on the merits. *See id.* at 1–3; Dkt. No. 22-4 at 2.

1    On October 29, 2025, the Court granted Plaintiff's motion for a temporary restraining order

2    ("TRO"), and ordered a November 3, 2025 deadline for Plaintiff to file a motion for a preliminary

3    injunction, a November 7, 2025 deadline for Defendants' response, and a November 10, 2025

4    deadline for Plaintiff to file a reply. Dkt. No. 20 at 16–18. The TRO expires on November 12,

5    2025. *Id.* at 17. Plaintiff timely filed this motion for a preliminary injunction. Dkt. No. 22. The

6    deadline for Defendants to file a response has passed, *see* Dkt. No. 20 at 18, and Defendants have

7    not yet appeared or responded.

8    Federal Rule of Civil Procedure 65 empowers the court to issue a preliminary injunction.

9    Fed. R. Civ. P. 65(a). Rule 65 permits the issuance of preliminary relief "on notice[.]" Fed. R. Civ.

10   P. 65(a)(1); *see also Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 542

11   (5th Cir. 2023) ("Rule 65(a) does not require service of process, but rather requires notice to the

12   adverse party." (citation modified)); *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694

13   F.3d 827, 842 (7th Cir. 2012) ("There is a reason Rule 65 allows emergency injunctive relief before

14   service of process": requiring formal service "would have the unfortunate effect of immunizing

15   most foreign defendants from needed emergency injunctive relief" because "formal service of

16   process under the Hague Convention or other provisions of law can take months"); *Securities and*

17   *Exch. Comm'n v. MCC Intl. Corp.*, No. 22-12281, 2024 WL 1508281, at *2 (11th Cir. Apr. 8,

18   2024) ("[T]he idea that service is required is refuted by the plain language of Rule 65, which

19   permits the issuance of a preliminary injunction only on notice." (citation modified)); *Glasser v.*

20   *Blixseth*, No. C14-1576 RAJ, 2014 WL 12514894, at *1 (W.D. Wash. Nov. 14, 2014) (collecting

21   cases).[1]

22

23   _____

     [1] As detailed in the Court's October 29, 2025 Order, Plaintiff made concerted attempts to notify Defendants of the

24   complaint, motion for TRO, and the Court's orders to that date that were reasonably calculated to provide such notice
     and appear to have succeeded. *See* Dkt. No. 20 at 7–8 n.4. Those efforts included the following:

- On October 10, 2024, Plaintiff's counsel sent "a demand and notice email to Guangzhou Yimei Cosmetics . . . and Guangzhou Jiemi Biotechnology Co. . . . , attaching draft versions of the Complaint and Motion for [TRO]." *See* Dkt. No. 11-1 at 1 (stating that email was sent on October 4, 2025); *see also* Dkt. No. 4-14 at 2 (email reflecting sent date of October 10, 2025).

- On October 15, 2025, Plaintiff's counsel sent the Complaint and Motion for TRO "to all email addresses that, after reasonable investigation, appear to be associated with Liu Xingtao or entities under his control, including: YA17317959501@outlook.com[,] 844517449@qq.com[,] 651888068@qq.com[,] 1034357014@qq.com[,] 15920598618@163.com[,] ipattorney3@gmail.com[,] [and] aabb6543210@outlook.com[.]" Dkt. No. 11-1 at 2; *see also* Dkt. No. 11-2 at 2. "These addresses include (a) the contact emails used by Defendants in Amazon and TEMU infringement complaints, (b) all corporate-registration contact emails listed for [Guangzhou] Jiemi [Biotechnology Co.] in China, and (c) the contact emails listed for [Guangzhou] Jiemi [Biotechnology Co.]'s U.S. trademark registration of the mark ROZINO." Dkt. No. 11-1 at 2–3. On the same day, Plaintiff's counsel sent "the same notice through the Amazon Buyer – Seller Messaging System to the storefront 'xiaoks,' which is registered to Liu Xingtao." *Id.* at 3; *see also* Dkt. No. 11-3 at 2-3.

- On October 16, 2025, Plaintiff's counsel sent "the text of the Court's October 14, 2025 Minute Order (Dkt. 9) to email addresses reasonably believed to be associated with all Defendants"—the same email addresses to which prior communications were sent. Dkt. No. 13-1 at 1–2; *see also* Dkt. No. 13-2 at 2 (date stamp of October 17, 2025 reflects the date in Shenzhen, China (*see* Dkt. No. 31-1 at 1)). On the same day, Plaintiff's counsel "transmitted the same notice through Amazon'[]s Buyer–Seller Messaging System to the storefront 'xiaoks[.]'" Dkt. No. 13-1 at 2; *see also* Dkt. No. 13-3 at 2–3.

- On October 17, 2025, Plaintiff's counsel "received a phone call from a person who identified herself as being from Guangzhou Jiemi Biotechnology Co., Ltd.," and stated that "she had seen Plaintiff's notice of the Court's Dkt. 9 order through the message sent via Amazon's Seller Messaging System to the storefront 'xiaoks.'" Dkt. No. 15-1 at 3. According to Plaintiff's counsel, "[t]he caller acknowledged that they had submitted the original Amazon complaint against Plaintiff, asked about the status of the case and the deadline for Defendants to respond to the TRO motion, and said she would relay this information to her boss." *Id.*

- On October 18, 2025, before the Defendants' October 20, 2025 deadline to respond to the TRO, Plaintiff's counsel sent "the text of the Court's October 17, 2025 Minute Order (Dkt. 14) to email addresses reasonably believed to be associated with all Defendants"—the same email addresses to which prior communications were sent. *Id.* at 1–2; *see also* Dkt. No. 15-2 at 2. On the same day, Plaintiff's counsel "transmitted the same notice through Amazon's buyer seller messaging system to the storefront 'xiaoks[.]'" Dkt. No. 15-1 at 2; *see also* Dkt. No. 15-3 at 2–3.

- On October 24, 2025, before Defendants' October 25, 2025 deadline to respond to Plaintiff's supplemental briefing on irreparable harm, Plaintiff's counsel "served a copy of the Court's Order Requesting Supplemental Briefing on Irreparable Harm (Dkt. 16) and Plaintiff's Supplemental Brief on Irreparable Harm by email" to the same email addresses to which prior communications were sent. Dkt. No. 18 at 1; *see also* Dkt. 18-1 at 1. "[T]he same notice [was] transmitted through Amazon's Xiaoks messaging system associated with Defendants' storefront." Dkt. No. 18 at 2; *see also* Dkt. No. 18-2 at 1–3.

Because Defendants "act in concert and are affiliated with one another," Plaintiff avers that its correspondence with Guangzhou Yimei Cosmetics and Jiemi Biotechnology Co. serves "to notify all related parties." Dkt. No. 11-1 at 1.

Since the TRO issued, Plaintiffs have made the following efforts to provide notice to Defendants:

- On October 30, 2025, Plaintiff's counsel "served a copy of the Court's Order Granting Motion for a Temporary Restraining Order (Dkt. 20) by email" to the same email addresses to which prior communications were sent. Dkt. No. 21 at 1 (citation modified); *cf., e.g.*, Dkt. No. 11-1 at 2; *see also* Dkt. No. 21-1 at 2. On the same day, Plaintiff's counsel transmitted the "same notice . . . through Amazon Buyer–Seller Messaging System to the storefront 'xiaoks.'" Dkt. No. 21 at 2; *see also* Dkt. No. 21-2 at 2–3.

- According to Plaintiff's counsel, "[o]n October 30, 2025, after completing the foregoing actions, [Plaintiff's counsel] received a phone call from an individual identifying herself as a Chinese lawyer representing all

On October 31, 2025—after the TRO issued—counsel for Defendants, using the address yzhou7006@gmail.com, informed Plaintiff's counsel "that Defendants had withdrawn their Amazon complaint and that they had attempted to withdraw their TEMU complaints but were unable to complete the process due to account-access issues"; Defendants' counsel stated that Defendants would continue to pursue withdrawal. Dkt. No. 22 at 2; *see also* Dkt. No. 22-1 at 5–7. Defendants' counsel also suggested that the matter could be resolved between the parties. Dkt. No. 22-1 at 5–7. Separately, Temu's legal department informed Plaintiff's counsel that Temu could not directly reinstate the delisted listings and that only the complainant could withdraw the complaints. Dkt. No. 22-2 at 2.

On November 3, 2025, Plaintiff "received a new infringement notice from Amazon indicating that Defendants had again filed patent complaints under the same patent, U.S. Patent No. D1,075,508 S, against Plaintiff's identical products"; according to Plaintiff, "[t]he new complaint, ID 18741709131, targets ASINs B0D7Q52G17 and B0FBWCG3BS, which are the same DolaHair Hair Wax Stick products identified in the TRO (including ASIN B0BRC8T39V)." Dkt. No. 22 at 2–3; *see also* Dkt. No. 22-3 at 5–8. As for the Temu products, Plaintiff says that "[a]s of the filing of th[eir preliminary injunction] motion [on November 3, 2025], Defendants

---

Defendants, who stated that the Defendants had received the TRO and would comply with it," followed shortly thereafter by "a confirmation email from the same individual using the address yzhou7006@gmail.com." Dkt. No. 21 at 2; *see also* Dkt. No. 22-1 at 7. Plaintiff submitted documentation of this email correspondence with yzhou7006@gmail.com [dated October 31, 2025], in which the individual stated, "I am Zhou Yu, a Chinese lawyer representing GUANGZHOU YIMEI COSMETICS CO., LTD., GUANGZHOU JIEMI BIOTECHNOLOGY CO., DEMAND FOR A JURY TRIAL LTD., LIU YARU and LIU XINGTAO d/b/a xiaoks, and I am here to negotiate a settlement with you regarding case 2:25-cv-01978." Dkt. No. 22-1 at 6. On November 1, 2025, Defendants' counsel emailed Plaintiff's counsel, stating that Defendants had withdrawn their Amazon complaint and had attempted to withdraw their TEMU complaints but were unable to complete the process due to account access issues, though they would continue trying to do so. *Id.* at 5.

- On November 3, 2025, Plaintiff's counsel certified that he "served a copy" of the Motion for Preliminary Injunction "by email on Defendants' counsel at yzhou7006@gmail.com on the same date." Dkt. No. 22 at 12.

The Court finds that the efforts described above were reasonably calculated to provide notice to Defendants.

have not withdrawn their TEMU complaints, and Plaintiff's listings remain delisted, continuing to cause substantial commercial harm." Dkt. No. 22 at 3. Plaintiff argues that "[u]nless [the TRO is] converted into a Preliminary Injunction, Plaintiff faces the imminent risk that Defendants will continue to abuse the '508 Patent to restrict Plaintiff's marketplace access and cause irreversible commercial injury." *Id.*

For that reason, and for the reasons the Court laid out in its October 29, 2025 Order, Dkt. No. 20 at 9–16, the Court finds that Plaintiff is entitled to a preliminary injunction.

In sum, the Court GRANTS Plaintiff's Motion for a Preliminary Injunction, Dkt. No. 22, and ORDERS as follows:

1. Defendants Guangzhou Yimei Cosmetics Co., Ltd., Guangzhou Jiemi Biotechnology Co., Ltd., Liu Yaru, and Liu Xingtao d/b/a xiaoks, and all persons acting in concert or participation with them, are preliminarily ENJOINED from submitting any further complaints, notices of infringement, or takedown requests to Amazon, Temu, or any other third-party platform alleging that the products identified in Paragraph 4 infringe U.S. Design Patent No. D1,075,508 S during the pendency of this action.

2. Defendants are ORDERED to retract their patent infringement complaint(s) based on U.S. Design Patent No. D1,075,508 S against Plaintiff's DolaHair Hair Wax Stick products on the Amazon.com platform, including Complaint ID 18741709131, by no later than 48 hours from the date of this Order.

3. Defendants shall maintain the retraction of their Amazon complaint against Plaintiff's DolaHair Hair Wax Stick product (Complaint ID 18554348421) and shall promptly complete the withdrawal of their corresponding TEMU complaints (Product IDs 744758791, 114736196, 199877642, and 306350970). Defendants shall not directly or indirectly take any action to reinstate, resubmit, or otherwise reactivate those

complaints, nor submit any new complaint concerning the same product under U.S. Design Patent No. D1,075,508 S during the pendency of this action.

4. This Order applies specifically to Plaintiff's DolaHair Hair Wax Stick products identified by Amazon ASINs B0BRC8T39V, B0D7Q52G17, B0DHS2QWKB, B0BRC5K11L, B0FBWCG3BS, B0F18XNC37, B0B7QM93ZV, and B0CYZ5BQ34, and TEMU Product IDs 744758791, 114736196, 199877642, and 306350970, together with any other listings for the same or identical Hair Wax Stick product sold under Plaintiff's storefronts.

5. Defendants shall take all reasonable steps within their power to effectuate this Order, including but not limited to rescinding any outstanding complaints regarding the products listed in Paragraph 4, timely and meaningfully cooperating with Plaintiff to effectuate this Order, and promptly responding to any Amazon and Temu requests.

6. Within 24 hours of this Order, Plaintiff shall serve a copy of this Order and the related filings on Defendants through their counsel at yzhou7006@gmail.com and at the following email addresses and through any additional contact information reasonably available for Defendants: YA17317959501@outlook.com; 844517449@qq.com; 651888068@qq.com; 1034357014@qq.com; 15920598618@163.com; ipattorney3@gmail.com; aabb6543210@outlook.com; and the Amazon Buyer – Seller Messaging System to the storefront "xiaoks." Plaintiff shall file a certification attesting to compliance with this directive by November 14, 2025.

7. No security bond is required under Federal Rule of Civil Procedure 65(c) because there is no realistic likelihood of harm to the Defendants from enjoining their conduct under these circumstances. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

8.  Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order is binding on those persons who receive actual notice of this Order if those persons are officers, agents, servants, employees, or attorneys of Defendants, or if they are acting in active concert or participation with Defendants.

9.  Plaintiff is authorized to serve a copy of this Order on Amazon.com, Temu, and any other relevant online marketplace for the purpose of facilitating compliance with this Order.

10. This Preliminary Injunction shall remain in effect until final judgment in this action or further order of the Court.

Finally, the Court notes that Plaintiff again relies on machine translations, *see* Dkt. No. 22-1 at 5–7; Dkt. No. 22-3 at 5–8, despite the Court's previous Order requiring that "[i]f the parties intend to rely on translations of documents originally written in a foreign language in a future motion, the translation must conform to the requirements of the Rules of Evidence." Dkt. No. 20 at 6 n.3 (citing Fed. R. Evid. 604 ("An interpreter must be qualified and must give an oath or affirmation to make a true translation.")). The Court therefore ORDERS Plaintiff—within 14 days of this Order—to provide translations compliant with the Rules of Evidence for all documents provided in support of its Motion for Preliminary Injunction and originally written in a foreign language.

Dated this 12th day of November, 2025.

Lauren King
United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION - 7